**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 13–cv–02187–RM-CBS

PACIFICORP,

    Plaintiff,

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,

    Defendant.

_____

**ORDER DENYING PLAINTIFF'S
MOTION FOR PRELIMINARY INJUNCTION (ECF NOS. 18 & 19 )**
_____

THIS MATTER comes before the Court on Plaintiff PacifiCorp's Motion for Preliminary Injunction and Request for Expedited Consideration and Memorandum Brief (collectively, "Motion for Preliminary Injunction") (ECF Nos. 18 & 19) filed September 26, 2013, arising from Plaintiff's requests for documents under the Freedom of Information Act ("FOIA") for use in providing comments to a proposed final rule addressing Wyoming's regional haze under the Clean Air Act ("CAA").  The Court held an evidentiary hearing on October 16, 2013.  Based on the Motion for Preliminary Injunction and other papers filed, the documents and arguments presented at the hearing, and the applicable legal standards, the Court denies the Motion for Preliminary Injunction as set forth below.

## I. STATUTORY BACKGROUND

Under the CAA, Defendant Environmental Protection Agency is required to create and review national ambient air quality standards for certain air pollutants. *See* 42 U.S.C. §§ 7408 & 7409. States are then responsible for adopting state implementation plans ("SIPs") which provide for the "implementation, maintenance, and enforcement" of primary and secondary air quality standards. *See* 42 U.S.C. § 7410(a). Such plans, however, must be submitted to the EPA for review and approval. Generally, if Defendant finds that a state has failed to make the required submission, finds a state's plan or plan revision does not meet certain requisite minimum criteria, or disapproves a state's plan submission in whole or in part, Defendant must promulgate a Federal implementation plan ("FIP"). 42 U.S.C. § 7410(c)(1).

The state, or Defendant when promulgating a FIP, must: (1) determine which of the eligible major stationary sources (such as Plaintiff's coal-fired electric generation plants) in the state contribute to visibility impairment; and then (2) determine the best available retrofit technology ("BART") for controlling the emissions causing that impairment at that source. *See* 42 U.S.C. § 7491(b)(2)(A) & (g)(7); *Oklahoma v. U.S. E.P.A.*, 723 F.3d 1201, 1205 (10th Cir. 2013). Defendant is required to publish for public comment the proposed and final rules of a state's regional haze implementation plan. *See* 42 U.S.C. § 7607(d). The CAA mandates that the states and Defendant take action by certain deadlines. *See, e.g.,* 42 U.S.C. § 7410(k)(2) (Defendant required to act on SIP within 12 months).

## II. FINDINGS OF FACT

Plaintiff is an electric utility company which operates in Wyoming, and other states, and is subject to regional haze requirements. (*E.g.,* Complaint ¶ 1; Defendant Exhibit [Ex.] P, Carl Daly Declaration ¶5.)

On January 2, 2011, certain environmental groups[1] ("Environmental Plaintiffs") filed an action against Defendant's Administrator alleging Defendant failed to perform duties mandated under the CAA by, among other things, failing to act on Wyoming's SIP submission addressing regional haze and failing to promulgate a regional haze FIP for Wyoming. *See WildEarth Guardians v. Jackson,* 11-cv-00001-CMA-MEH (consolidated with 11-cv-00743-CMA-MEH) ("*WildEarth Action*"). The Environmental Plaintiffs sought to compel Defendant to take final action on these regional haze matters by a date certain.

By Consent Decree dated September 27, 2011, the parties in the *WildEarth Action* agreed that Defendant would sign a notice of proposed rulemaking and notice of final rulemaking regarding Wyoming's SIP addressing regional haze by certain dates. *WildEarth Action* (ECF No. 67). By stipulation, those dates were extended. *WildEarth Action* (ECF Nos. 68 & 69).

On May 15, 2012, Defendant proposed a rule on Wyoming's SIP, proposing to partially approve and partially disapprove that plan and proposing a FIP. (Ex. P, page 4.) On December 10, 2012, however, Defendant moved ("Motion") to extend the deadlines, stating it would "re-propose" a rulemaking to allow public comment on "new information developed since the prior comment period on the proposed rule." (Ex. 16, page 3.) Defendant represented that public comments on the proposed rule challenged the cost and visibility information provided by

---

1 WildEarth Guardians, National Parks Conservation Association and Environmental Defense Fund.

owners of power plants, causing Defendant to undertake additional research and develop substantial "new cost and visibility analyses." That Motion was granted but, upon Stipulation dated March 25, 2013, the dates were extended to May 23, 2013 for the notice of proposed rulemaking and to November 21, 2013 for the notice of final rulemaking. (Exs. 17 & 18.)

The filings in the *WildEarth Action* prompted Plaintiff to make two public records request under the FOIA. Plaintiff's first request ("First FOIA Request") was made on January 17, 2013. That request sought six "categories" of documents, with the first three requesting documents regarding conversations held with counsel or representatives of the Environmental Plaintiffs related to the modification of the Consent Decree. The last three categories consisted of documents referenced in the Motion, *e.g.*, documents related to the "new information" and new cost and visibility analyses. (Ex. 1.)

On February 21, 2013, as part of an agreed upon "first phase" of its response, Defendant produced 41 documents in response to the first three categories of documents, withholding 336 documents under Exemption 2 – High and Exemption 5 – Deliberative Process, Attorney Work Product, and Attorney Client Privilege. Defendant also produced an "index" of the documents withheld. (Ex. 4.)

By letter dated March 19, 2013, Plaintiff contested Defendant's position. Two days later, on March 21, 2013, Plaintiff appealed Defendant's February 21, 2013 partial response and requested the FOIA request be answered in its entirety. (Exs. 5 & 6.)

On March 29, 2013, Defendant supplemented its response to the First FOIA Request. Defendant clarified that it did not withhold any documents under Exemption 2 – High and the number of documents withheld was 166, not 336. In addition, Defendant provided a more

detailed index of the documents withheld.  Defendant notified Plaintiff of its appeal rights and considered the First FOIA Request administratively closed.  (Ex. 7; Ex. P, page 12.)  Defendant did not conduct a search for documents responsive to the last three categories of documents requested as there was apparently a miscommunication between the parties.

On April 4, 2013, after the deadlines were extended again by the March 25, 2013 Stipulation, Plaintiff filed its second FOIA request ("Second FOIA Request").  This request sought documents regarding conversations with counsel or representatives of WildEarth Guardians or National Parks Conservation Association relating to any modifications of the Consent Decree, including the March 25 Stipulation.  (Ex. 10.)

Meanwhile, by letter dated April 29, 2013, Plaintiff appealed Defendant's supplemental response to the First FOIA Request.  (Ex. 8.)

On May 3, 2013, Defendant provided an initial response to the Second FOIA Request and released four documents.  (Ex. 11.)  On May 29, 2013, Defendant completed its response to the Second FOIA Request by releasing four additional documents, withholding 46 documents, and providing a "table" summarizing the documents withheld under Exemption 5.  (Ex. 12.)  Also on that date, Defendant acknowledged the receipt of Plaintiff's appeal on the First FOIA Request.  (Ex. 9.)

As of June 6, 2013, Defendant considered Plaintiff's Second FOIA Request closed.  (Ex. P, page 15.)  Defendant invoiced Plaintiff for 0.5 hours for researching the documents requested and 0.75 hours for reviewing them.  (Ex. 13.)

On June 10, 2013, Defendant published the notice of re-proposed rulemaking on the Wyoming regional haze SIP in the Federal Register for public comment, with comments due by August 26, 2013. Plaintiff timely submitted comments. (Ex. P, pages 6-7.)

On June 25, 2013, Plaintiff appealed Defendant's responses to the Second FOIA Request, which Defendant acknowledged by letter dated June 26, 2013. (Exs. 14 & 15.)

In responding to Plaintiff's FOIA requests, Defendant's search included electronic records and electronic mail from its Lotus Notes e-mail and the then new Outlook 365 e-mail system. (Ex. P, pages 9 & 13.) At least one of Defendant's officials, however, used his personal e-mail account to communicate with a representative of Environmental Defense Fund, but there is no indication that Defendant's search included personal e-mail accounts. (Exs. 19-23 & Ex. P.)

On August 15, 2013, Plaintiff filed a complaint alleging claims for failure to produce records in response to Plaintiff's First and Second FOIA requests, declaratory relief and injunctive relief. As of the date of the filing of the Complaint, Defendant had not responded to Plaintiff's FOIA appeals. Instead, once the Complaint was filed, Defendant considered the appeals closed. (Ex. P, pages 12 & 15.)

Plaintiff submitted additional public comments after the August 26, 2013 deadline, which Defendant will also consider in making its final rule. (Ex. P, page 7.)

On September 26, 2013, Plaintiff filed its Motion for Preliminary Injunction alleging the documents withheld may support comments on the final rule which Defendant is currently required to enact no later than November 21, 2013. Plaintiff seeks an order from this Court: (1) directing Defendant to provide a "complete and full response" to Plaintiff's FOIA requests; (2)

enjoining Defendant from withholding any documents on the basis of Exemption 5 under the FOIA; and (3) directing Defendant to preserve all information potentially responsive to Plaintiff's requests.

### III.  ANALYSIS

**A.     Preliminary Injunction Standard.**

A preliminary injunction is an extraordinary remedy, so the right to relief must be clear and unequivocal.  *Beltronics USA, Inc. v. Midwest Inventory Dist., LLC,* 562 F.3d 1067, 1070 (10th Cir. 2009); *Schrier v. University of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005).  The moving party must establish (1) there is a substantial likelihood of success on the merits; (2) it will suffer irreparable injury unless the injunction issues; (3) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest.  *Beltronics USA, Inc. v. Midwest Inventory Dist., LLC, supra* at 1070.

The Tenth Circuit has identified three types of disfavored preliminary injunctions which require the Court to more closely scrutinize "to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course."  *Schrier  v. University of Colo., supra* at 1259 (quotation marks omitted).  Those disfavored preliminary injunctions are ones which: (1) alter the status quo; (2) are mandatory; and (3) afford the movant all the relief that it could recover at the conclusion of a full trial on the merits.  *Id.* at 1259.  Plaintiff acknowledges it is seeking a disfavored injunction.  (ECF No. 19, page 12 n.8.)

B.     **Likelihood of Success on the Merits.**

Plaintiff's two FOIA claims seek the release of the documents withheld, alleging the exemptions claimed are inapplicable and Defendant failed to properly support its exemptions. Under the FOIA, the public is afforded a right of access to federal agency records, subject to nine specific exemptions. *Hull v. Internal Revenue Service,* 656 F.3d 1174, 1177 (10th Cir. 2011); 5 U.S.C. § 552(b). The government agency bears the burden of proving the requested information falls within one of the nine exemptions. *Hull v. Internal Revenue Service, supra* at 1177. The burden is not on the requester to disprove improper withholding. *U.S. Dept. of Justice v. Tax Analysts,* 492 U.S. 136, 142 n.3 (1989). Further, any reasonable segregable portion of a record must be provided after deletion of the portions which are exempt. 5 U.S.C. § 552(b). To satisfy its burden of proof, the government agency may submit affidavits showing why the documents fall within the claimed exemption(s). *See Hull v. Internal Revenue Service, supra* at 1177-1178 (addressing burden in context of summary judgment motion).

Plaintiff argues the question of success turns on whether the requests at issue received the full processing required by the FOIA. While it is true Plaintiff challenges the adequacy of the search for responsive documents, Plaintiff's Motion for Preliminary Injunction and its Complaint cover much more. In line with its Complaint, Plaintiff's motion seeks an order to not only direct Defendant to provide a "complete and full response" but also enjoin Defendant from withholding documents based on Exemption 5. Plaintiff's Reply brief, however, tempered that request, seeking an order for Defendant to produce all responsive non-privileged information; to redact any privileged information and produced the remainder of any document; and, to the extent Defendant continued to withhold information as privileged, to justify the same so that the issue

may be addressed by the Court. Plaintiff also requests this Court to direct Defendant to preserve all information potentially responsive to Plaintiff's requests. The Court will address each of those "claims" in turn.

### i.   *Request to Provide Full and Complete Response.*

Through its submission of copies of personal e-mail communications by at least one of Defendant's officials with a representative of Environmental Defense Fund, Plaintiff has shown a substantial likelihood of success in establishing that the scope of Defendant's search was insufficient to constitute a complete and full response to Plaintiff's requests. *See U.S. Dept. of Justice v. Tax Analysts, supra* at 151 n.12 (requesting party may be able to claim improper withholding by alleging agency has responded in inadequate manner). Plaintiff's showing was further supported by the brevity of Defendant's search as evidenced by its invoice showing only 0.50 hour was spent searching for documents responsive to the Second FOIA Request.

### ii.   *Withholding of Responsive Documents.*

Next, Plaintiff has also shown a substantial likelihood of success in showing that Defendant withheld documents without establishing the claimed exemption applies. It is undisputed Defendant has withheld responsive documents; therefore, the issue is whether it has demonstrated such withholding was proper. *See U.S. Dept. of Justice v. Tax Analysts, supra* at 142 n.3 (task of justifying withholding is on only party able to explain it). As argued by Plaintiff, the evidence submitted by Defendant failed to do so.

Here, Defendant's "table" of the documents withheld in response to the Second FOIA Request consists of conclusory and vague descriptions claiming exemption under the attorney-client privilege and deliberative process privilege which "mostly pertain" to the extensions of the

Consent Decree. Such summary descriptions are inadequate to establish the withheld documents fall within the claim exemption. Defendant's affidavit (Ex. P) provides no further detail, only arguing the exemption applies. Defendant's index of documents withheld in response to the First FOIA Request provides greater detail but is still insufficient to show the exemption applies to all documents claimed. For example, the mere fact that an attorney was involved in a communication does not, without more, demonstrate the attorney-client privilege applies. *E.g., U.S. v. Johnston,* 146 F.3d 785, 794 (10th Cir. 1998), *cert. denied*, 525 U.S. 1088 (1999); *Motley v. Marathon Oil Co.*, 71 F.3d. 1547, 1550-1551 (10th Cir. 1995), *cert. denied*, 517 U.S. 1190 (1996). In sum, at this preliminary injunction stage, Defendant's showing is insufficient.

Defendant contends that Plaintiff's FOIA requests, by their own terms, relate to matters that are currently being litigated by Defendant, such as the *WildEarth Action* and related Consent Decree. While this may be true, this does not mean that everything "related" is privileged and therefore exempt.

The Court is also unpersuaded by Defendant's argument that it is not required to substantiate its claimed exemption, through a *Vaughan* index[2] or otherwise, unless and until a party files a motion for summary judgment. The purpose of providing a *Vaughn* index, or something equivalent, is to permit the Court to determine whether a sufficient factual basis exists to support the agency's refusal to disclose the information at issue. Such determination, however, is at issue in ruling on not only a motion for summary judgment but also a motion for preliminary injunction. While the cases relied on by the parties generally addressed a *Vaughn*

---

2 A *Vaughn* index is a compilation prepared by the government agency listing each of the withheld documents and explaining the asserted reason for its nondisclosure. *Hull v. Internal Revenue Serv. supra* at 1178 n.2; *Vaughn v. Rosen*, 484 F.2d 820 (D.C.Cir.1973), *cert. denied*, 415 U.S. 977 (1974),

index in the context of motions for summary judgment, there is no controlling decision which limits its application to such context and the Court finds the application is not so limited. By this finding, the Court is not restricting Defendant's proof to the use of a *Vaughn* index or stating that such was required to show the exemption was properly claimed. The Court's finding on the issue at hand is that Defendant's proof was insufficient. Accordingly, Plaintiff has sustained its burden as to this claim.

### *iii.     Request to Preserve Documents.*

Plaintiff has not, however, met its burden as to its application for an order requiring Defendant to preserve all information potentially responsive to Plaintiff's requests. Plaintiff has presented no evidence that Defendant has or will destroy any records related to the requests. Defendant has represented to the Court that it is aware of its obligations under the Federal Records Act and the FOIA, and that a litigation hold has been issued requiring Defendant to preserve all information responsive to the requests. (Ex. P, page 21.) As such, Plaintiff has not shown the likelihood that an order compelling preservation should be issued.

**C.     Irreparable Harm.**

"'To constitute irreparable harm, an injury must be certain, great, actual and not theoretical.'" *Schrier v. University of Colo., supra* at 1267 (quoting *Heideman v. South Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003)). The injury complained of must be of such imminence that there is a clear and present need for equitable relief to prevent irreparable harm. *Id.* Simple economic losses usually do not constitute irreparable harm as such losses are compensable by monetary damages. *Id.* Factors which support irreparable harm determinations include the inability to calculate damages; harm to goodwill; diminishment of competitive

positions in marketplace; and lost opportunities to distribute unique products. *Dominion Video Satellite, Inc. v. EchoStar Satellite Corp.*, 356 F.3d 1256, 1263 (10th Cir. 2004).

Plaintiff argues it seeks the withheld documents in order to fully participate in the administrative process regarding the Wyoming regional haze SIP prior to Defendant's issuance of its final rule on November 21, 2013. Plaintiff seeks to determine what role, if any, special interest groups played in influencing new pollution control requirements in Defendant's re-proposal, and the impact of Defendant's new analyses in adopting more expensive pollution control requirements. Plaintiff believes it "may need" to prepare and submit revised public comments with any additional information obtained and "it could be" irreparably harmed "if" the withheld documents show undue influence. Essentially, Plaintiff seeks information in order to submit comments which may impact Defendant's decision on the final rule and to include in the administrative record for judicial review.

As discussed above, based on the current record, Plaintiff has shown a substantial likelihood of success on the merits of its claims of inadequate search and improper withholding. Plaintiff has not shown, however, that an adequate search would produce any additional relevant documents, or that the production of any currently withheld non-privileged document would provide useful information to support additional public comments regarding the final rule or for inclusion in the administrative record for review.[3] At this juncture, Plaintiff can only speculate that some relevant, useful information may have been withheld, or not located and produced. As the court in *Vaughn* recognized, Plaintiff has been placed in an anomalous but inevitable position

---

3 Defendant also asserts the withheld documents do not contain "technical information" concerning the regional haze rulemaking and would have no meaningful impact on Plaintiff's ability to submit comments. The Court notes however, that an agency's action is arbitrary and capricious, and therefore unlawful, if the agency relied on factors which Congress did not intend for it to consider. *E.g., Oklahoma v. U.S. E.P.A., supra* at 1211.

12

of being unable to argue with desirable legal precision for the revelation of the withheld information. *Vaughn v. Rosen, supra* at 823. "Obviously the party seeking disclosure cannot know the precise contents of the documents sought; secret information is, by definition, unknown to the party seeking disclosure." *Id.* Nonetheless, any claimed injury must be "certain, great, actual and not theoretical," *Schrier v. University of Colo., supra* at 1267, which Plaintiff has not shown.

### D.   Balance of Harm.

Here, Plaintiff is required to show the threatened injury to it outweighs the harm caused to the opposing party as a result of the injunction. As Plaintiff has failed to meet its burden of showing any irreparable harm, this factor has not been met.

### E.   Public Interest.

In light of Congress's stated objective "to open agency action to the light of public scrutiny" by requiring agencies to adhere to "a general philosophy of full agency disclosure," *U.S. Dept. of Justice v. Tax Analysts, supra* at 142 (citations omitted), the public interest would be served by requiring Defendant to conduct an adequate search for all responsive documents. The public interest would not be served, however, if the Court ultimately decides the exemptions do apply, in whole or in part, as the currently withheld documents contain privileged communications, but such communications have been disclosed and the violation of the privilege cannot be undone. Although there may be circumstances where it may be conceivable to remedy the improper disclosure of privileged communication, on balance, this factor weighs against Plaintiff. Further, there is no public interest to be served by ordering a preservation of documents when there is no evidence that such documents are not being preserved.

## IV. CONCLUSION

Defendant is generally required to determine the FOIA requests and appeals within 20 business days. *See* 5 U.S.C. § 552 & 40 C.F.R. § 2.104. Plaintiff made its requests in January and April 2013, and its appeals in March, April and June 2013. As of the date of Plaintiff's Complaint in August 2013, Defendant had acknowledged the receipt of but had not otherwise responded to the appeals. Defendant candidly and inexplicably acknowledges it did not, and does not, comply with the deadlines – a violation of its statutory duties – yet questions why Plaintiff would need the requested information on a "rushed timeline" before the November 21, 2013 final rule deadline. While Defendant's failure to comply with its obligations cannot be sanctioned, in order to obtain the extraordinary relief Plaintiff seeks it must nonetheless meet the requirements for granting such relief. As set forth herein, Plaintiff has failed to show the requisite factors weigh in favor of granting it relief, especially in light of the heightened standard this Court must apply. It is therefore

ORDERED that Plaintiff's Motion for Preliminary Injunction (ECF Nos. 18 & 19) is DENIED.

DATED this 28th day of October, 2013.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge