**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 13–cv–02187–RM-CBS

PACIFICORP,

    Plaintiff,

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,

    Defendant.

---

**ORDER DENYING
PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND OTHER LITIGATION COSTS**

---

This matter is before the Court on Plaintiff PacifiCorp's request for attorney's fees and litigation costs contained in various filings (ECF Nos. 44, 49, 61) filed under 5 U.S.C. § 552(a)(4)(E). The issue is fully briefed and ripe for determination. Upon consideration of the papers filed on this issue, as well as the Court file in this matter, and the applicable rules and case law, the Court DENIES PacifiCorp's request for the reasons stated herein.

**I. BACKGROUND**

PacifiCorp filed this action under the Freedom of Information Act ("FOIA") based on allegations that Defendant United States Environmental Protection Agency ("EPA") failed to properly respond to two FOIA requests relating to *WildEarth Guardians v. Jackson,* Civil Action No. 11-cv-00001-CMA-MEH ("*WildEarth*") then pending in this District. As relevant to this case, Plaintiffs in *WildEarth* alleged the EPA failed to undertake duties under the Clean Air Act

relating to regional haze implementation plan ("Plan") requirements for the state of Wyoming. The parties in that case entered into a Consent Decree, which was subsequently modified, as to the timing for the EPA to issue proposed and final rules relating to Wyoming's Plan.

PacifiCorp is an electric utility company, supplying electricity to more than 1.8 million customers in Wyoming and five other states. (ECF No. 1, Complaint, ¶¶ 1, 21.) It operates 12 coal-fired electric generating units in Wyoming that are subject to regional haze requirements under EPA's rulemaking. (ECF No. 19, page 2 n.1.) According to PacifiCorp, under extensions granted through the modification of the Consent Decrees, the EPA was able to issue proposed and "re-proposed" rulemaking relating to Wyoming's Plan which (at that time) could have a "substantial impact" on PacifiCorp's power plants in Wyoming, "required the installation of additional expensive and unnecessary pollution control equipment," and required "much more expensive, and unnecessary, pollution control equipment at PacifiCorp's Wyoming power plants." (Complaint, ¶¶ 16, 21, 24; *see* ECF No. 19, page 4 and n.2, page 5.) PacifiCorp's FOIA requests sought information in order to prepare public comments to the re-proposal, information which PacifiCorp believed would shed light on "the expensive additional emissions controls" and would assist in understanding what "influenced the new requirements for additional equipment." (Complaint, ¶ 27.) PacifiCorp asserted that, without the information, it would be denied the opportunity to "respond or challenge the substantial obligations that [would] be imposed on it through the…[re-proposal]." (Complaint, ¶¶ 28, 66.)

## II. ANALYSIS

"Assessment of attorney's fees in an FOIA case is discretionary with the district court." *Anderson v. Secretary of Health & Human Resources*, 80 F.3d 1500, 1504 (10th Cir. 1996). In applying for an award of FOIA attorney's fees, "plaintiff must first establish that [it] is eligible for an award by showing that [it] 'substantially prevailed' on [its] claim." *Anderson*, 80 F.3d at 1504 (quoting 5 U.S.C. § 552(a)(4)(E)). If a plaintiff is eligible, the court next evaluates the following four factors to determine whether a fee award is otherwise justified: "'(1) the benefit to the public, if any, derived from the case; (2) the commercial benefit to the complainant; (3) the nature of the complainant's interest in the records sought; and (4) whether the government's withholding of the records had a reasonable basis in the law.'" *Anderson*, 80 F.3d at 1504 (quoting *Aviation Data Serv. v. FAA*, 687 F.3d 1319, 1321 (10th Cir. 1982)). "[T]he fee applicant bears the burden of establishing entitlement to an award." *Anderson*, 80 F.3d at 1504 (quoting *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1201 (10th Cir.1986)) (internal quotation marks and citation omitted).

### A. Whether Plaintiff Substantially Prevailed

PacifiCorp contends it substantially prevailed and the EPA did not argue otherwise. The Court agrees that PacifiCorp substantially prevailed as its lawsuit "was reasonably necessary and substantially caused the requested additional records to be released." *Gowan v. U.S. Dept. of the Air Force*, 148 F.3d 1182, 1195 (10th Cir. 1998). Upon Motion for Summary Judgment filed by PacifiCorp, the Court granted most of the relief PacifiCorp sought in this action. (ECF Nos. 37, 50.) Therefore, PacifiCorp is eligible for a fee award. *See* 5 U.S.C. § 552(a)(4)(E)(ii) ("[A]

complainant has substantially prevailed if [it] has obtained relief through…(I) a judicial order….").  PacifiCorp, however, must still show it is entitled to an award.

### B. Commercial Benefit to the Complainant and the Nature of the Complainant's Interest in the Records Sought[1]

PacifiCorp argues it received no commercial benefit from pursuing this lawsuit while the EPA contends the issue is not what PacifiCorp derived but, rather, what motivated its request.  As courts have recognized, these two factors are closely related.  *See Aviation Data Serv. v. FAA*, 687 F.2d 1319, 1322 (10th Cir. 1982).  Nonetheless, they should both be examined.

The fundamental purpose of the FOIA is to provide "a method of informing the public as to governmental operations and not to enhance the private benefits of litigants."  *Aviation Data*, 687 F.2d at 1322.  Thus, courts generally should not award attorney's fees in a FOIA case where the plaintiff's "self-interest was the primary factor in bringing the suit."  *Id.*; *Anderson*, 80 F.3d at 1505.  In this case, an examination of the record, including arguments and matters presented to the Court at the hearing on Plaintiff's Motion for Preliminary Injunction, shows PacifiCorp was motivated by its own private, commercial interest in seeking information under the FOIA and in pursuing this litigation.  PacifiCorp's papers show it sought the documents in order to determine the bases for – and provide public comments on – the proposal/re-proposals relating to the Plan which would impose significant – and costly – obligations on PacifiCorp.  PacifiCorp asserts that its interest in the records sought is "entirely aligned with its interest in achieving a transparent and effective rulemaking process for Wyoming's regional haze rule."  (ECF No. 61, page 7.)  This

---

[1] Under the facts and circumstances of this case, the Court finds its analysis should begin with the second and third factors.

latter interest, even assuming it is supported in the record, nonetheless fails to negate the finding that PacifiCorp acted out of its own self-interest.

PacifiCorp's argument that it derived no commercial *benefit* from the FOIA requests is similarly unavailing as such bare statement, without more, does not support such a conclusion. The fact that PacifiCorp's FOIA requests were not limited just to PacifiCorp or its interests in Wyoming also does not support the conclusion that it derived no benefit when its requests would have encompassed these matters, and when the EPA's proposal/re-proposal apparently dealt with Wyoming as a whole.   In fact, PacifiCorp recognized it received commercial benefit as it is a regulated entity affected by the Wyoming rulemaking.   (ECF No. 49, page 19.)   Finally, while the issue of the EPA's rulemaking concerning the haze program for Wyoming may affect all entities thereby regulated and the public in general, the evidence shows that is not what precipitated this litigation.   Accordingly, this factor weighs against an award of attorney's fees.

### C. Benefit to the Public

PacifiCorp argues this litigation was to the public's benefit because it was necessary to obtain the release of records relevant to the public process associated with the EPA's rulemaking concerning the regional haze plan.   And, as such, PacifiCorp contends its requests were designed to facilitate robust public review on EPA's rulemaking.   The EPA argues no public benefit has been shown as it was PacifiCorp's burden to make the documents it received available to the public, PacifiCorp failed to discuss any specific document released in response to its requests, the majority of the responsive documents were mundane with limited, if any, public value, and the remaining documents were already in the public domain.

"[A] private benefit to the plaintiff in obtaining disclosure under FOIA does not preclude a fee award 'if the record discloses an adequate public benefit from the enforced disclosure of the material.'" *Western Energy Alliance v. U.S. Fish & Wildlife Serv.*, No. 14-1435, 2015 WL 1903292, at *3 (10th Cir. April 28, 2015) (quoting *Aviation Data Serv.*, 687 F.2d at 1322). In determining public benefit, "[t]he test…is whether the disclosure will assist the citizenry generally in making an informed judgment as to governmental operations." *Aviation Data Serv.*, 687 F.2d at 1323. In doing so, "'a court should take into account the degree of dissemination and likely public impact that might be expected from a particular disclosure.'…The question is whether 'the award would merely subsidize a matter of private concern,' or in contrast, 'the complainant's victory is likely to add to the fund of information that citizens may use in making vital political choices.'" *Western Energy Alliance*, 2015 WL 1903292, at *2 (quoting *Aviation Data Serv.*, 687 F.2d at 1323). Thus, "where the plaintiff seeks disclosure of material for commercial purposes, attorney fees may be awarded only on a positive and clear showing of substantial public benefit." *Aviation Data Serv.*, 687 F.2d at 1323.

In this case, there is no evidence that the information sought – and received – were disseminated to the public. Thus, it is unclear how such information facilitated – or could have facilitated – any "robust public review" as PacifiCorp contends. While there is evidence that PacifiCorp submitted comments after it received the EPA's initial responsive documents (ECF No. 63-1, Declaration of Carl Daly, ¶4 and n.1), there is no evidence that such comments disseminated

any information received.[2]  As any "[m]inimal, incidental and speculative public benefit will not suffice," *Aviation Data Serv.*, 687 F.2d at 1323, this factor weighs against an award of attorney's fees.

### D. Whether the EPA's Withholding of the Records had a Reasonable Basis in Law

PacifiCorp contends the Court has already determined that, prior to this litigation, the EPA did not conduct a reasonable search for records and did not redact any documents so responsive documents were improperly withheld.  In addition, PacifiCorp relies on the Court's finding that the EPA was required to but did not release purely factual material from information claimed under the attorney work-product exemption.  The EPA, on the other hand, argues that its withholdings under the attorney-work product had a reasonable basis in law; it acted reasonably; any failure to conduct an adequate search was not in bad faith; and, even if some of its actions are found to be unreasonable, the other factors weigh heavily against a finding of entitlement to fees. The Court generally agrees.

First, as to the release of information under the attorney-work product exemption, this issue was unsettled in the Tenth Circuit and the EPA had a reasonable basis in law for its position. Next, the Court did find the EPA's initial response was inadequate, but there was no finding of bad faith.  Further, *some* of the EPA's actions in its initial response were unreasonable (*e.g.*, the initial failure to produce segregable factual material from documents withheld under *all* privileges

---

[2] The EPA's declaration that PacifiCorp did not submit comments "concerning the *subject* of their FOIA requests" does not equate to the nonuse – or nondissemination – of any information it received.  (ECF No. 63-1, ¶4 (emphasis added).)  Nonetheless, the burden is on PacifiCorp to show that the information was disseminated, which it has not done.

claimed).[3] While this weighs in favor of an award of fees, an award is nonetheless not justified in light of the Court's determination that the other factors weigh heavily against a finding of entitlement to fees.

### III. CONCLUSION

Based on the foregoing, the Court finds that PacifiCorp has failed to show an award of attorney's fees or "other litigation costs" under 5 U.S.C. §552(a)(4)(E) is justified. It is therefore

**ORDERED** that Plaintiff PacifiCorp's request for attorney's fees and litigation costs is **DENIED.**

DATED this 1st day of July, 2015.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge

---

[3] The EPA argues that prior to litigation commencing, it "released and redacted responsive documents," relying on the Declaration of Laurel Dygowski as support. (ECF No. 63, page 9 (citing ECF No. 43, Ex. 1, ¶¶ 4-19).) The Court's review of the Declaration, however, shows it fails to support the argument that any redacted responsive documents were released prior to litigation commencing. (*See, e.g.,* Dygowski Dec., Ex. 1, ¶ 19.)